The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Melanie A. Smith,<br><br>　　　　*Appellant,*<br><br>　　　v.<br><br>Michael P. Klein, *the Chapter 7 Trustee,* U.S. Bank Trust, N.A. *as owner for RCF 2 Acquisition Trust,* Deutsche Bank National Trust Company*, as Indenture Trustee on Behalf of the Holders of Terwin Mortgage Trust 2006-8, asset-backed securities, Series 2006*-8, and Stephen M. Fry,<br><br>　　　　*Appellees.* | Dist. Ct. Case No. 2:25-cv-01045-JNW<br><br>BK No. 24-10218-CMA<br><br>WAWB internal appeal No. 25-S006<br><br>STATUS REPORT ON SETTLEMENT NEGOTIATIONS |

STATUS REPORT ON
SETTLEMENT NEGOTIATIONS

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

On November 20, 2025, the Appellant and Appellees attended a mediation facilitated by The Honorable MaryJo Heston of the United States Bankruptcy Court for the Western District of Washington in Tacoma. The parties reached an agreement to settle this litigation and are currently in the process of finalizing a settlement agreement that will have to be noted for a motion hearing for approval. The earliest hearing date for approval of the settlement is January 29, 2026. The parties request that the court leave this case open until January 31, 2026, when the parties expect to inform the court as to whether the settlement is approved.

DATED this 9th day of December 2025.

>DEVLIN LAW FIRM LLC
By: /s/ Christina L. Henry
Christina L. Henry, WSBA #31273
chenry@devlinlawfirm.com
6100 219th St. SW
Ste. 480, PMB 398
Mountlake Terrace, WA 98043-2222
chenry@devlinlawfirm.com

STATUS REPORT ON
SETTLEMENT NEGOTIATIONS

1

DEVLIN LAW FIRM
1526 GILPIN AVENUE
WILMINGTON, DE 19806
TEL: (302) 449-9010

# EXHIBIT A

Entered on Docket February 2, 2026

Below is the Order of the Court.

_____
**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Honorable Christopher M. Alston
Hearing date: February 5, 2026; 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 24-10218-CMA |
| DONALD LEE SMITH, | ) | |
| Administrator for the Estate of | ) | ORDER APPROVING |
| Melanie Ann Smith, | ) | COMPROMISE OF CLAIM |
| | ) | |
| Debtor(s). | ) | |

THIS MATTER having come regularly before the above-signed Judge of the above-entitled Court, upon the trustee's motion to compromise a claim, proper notice having been given and no objections having been timely filed, good cause appearing, and it being in the best interest of the estate, now, therefore, it is hereby

ORDERED that the trustee, Michael P. Klein, may enter into the Settlement Agreement attached hereto.

**ORDER APPROVING**
**COMPROMISE OF CLAIM**
251201cOrd    Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 24-10218-CMA    Doc 249    Filed 02/02/26    Ent. 02/02/26 11:11:21    Pg. 1 of 12

1    IT IS HEREBY FURTHER ORDERED that, pursuant to the Settlement Agreement, the trustee is authorized to and hereby does abandon all of the personal property in the debtor's former residence located at 3057 - 42nd Avenue West, Seattle, Washington 98199.

//// END OF ORDER ////

Presented By:

THE LIVESEY LAW FIRM

/S/ *Rory C. Livesey*
_____
Rory C. Livesey, WSBA #17601
Attorney for Michael P. Klein, Trustee

The Livesey Law Firm
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826-

**ORDER APPROVING**
**COMPROMISE OF CLAIM**
251201cOrd   Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

SETTLEMENT AGREEMENT

This Agreement is entered into on the date last written below between Michael P. Klein, Chapter 7 Bankruptcy Trustee for Melanie Ann Smith, Bankruptcy Case No. 24-10218-CMA, filed in the Western District of Washington at Seattle ("Trustee"), Donald Lee Smith, as the Administrator for the Estate of Melanie Ann Smith, who passed away in July of 2025 ("Smith"), Stephen Fry ("Fry"), U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust ("U.S. Bank"), and Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-8, asset backed securities, Series 2006-8 ("Deutsche").

WHEREAS, Melanie Ann Smith ("Debtor") filed a voluntary Chapter 7 petition on January 31, 2024, and Michael P. Klein was appointed the Trustee;

WHEREAS, on March 28, 2024, U.S. Bank filed a motion to lift the automatic stay regarding its debt secured by the real property of the Bankruptcy Estate located at 3057 - 42nd Avenue West, Seattle, Washington 98199 ("the Property");

WHEREAS, on June 6, 2024, the Chapter 7 case was converted to a Chapter 13 proceeding;

WHEREAS, on August 9, 2024, the Chapter 13 case was converted back to a Chapter 7 proceeding, and Michael P. Klein was reappointed the Trustee;

WHEREAS, on August 23, 2024, the Bankruptcy Court granted U.S. Bank's motion to lift the automatic stay;

**SETTLEMENT AGREEMENT**
251201aAgr   Page 1 of 8

WHEREAS, the Trustee investigated the sale of the Property and secured Fry as a purchaser;

WHEREAS, pursuant to an order shortening time, the Trustee noted a motion before the Bankruptcy Court for an order authorizing the Trustee's sale of the Property to Fry for a price of $1,280,000;

WHEREAS, the hearing for approval of the sale of the Property took place the day before U.S. Bank's scheduled foreclosure sale of the Property;

WHEREAS, the Debtor formally opposed the Trustee's motion for sale of the Property;

WHEREAS, the Bankruptcy Court entered an order approving the sale of the Property to Fry on April 18, 2025;

WHEREAS, the Debtor filed a motion for reconsideration which was denied on May 1, 2025;

WHEREAS, on May 13, 2025, the Debtor filed a *pro se* notice of appeal (the "Appeal") of the order approving the sale, but she did not obtain a stay of the order;

WHEREAS, on June 6, 2025, Trustee's sale of the Property to Fry closed;

WHEREAS, after payment of traditional closing costs, U.S. Bank's loan in full, and partial payment of $475,970.41 to Deutsche Bank on its secured debt, the Trustee received a total of $309,478.13;

WHEREAS, Deutsche Bank filed a secured claim (Claim No. 2) in the Debtor's bankruptcy case in the amount of $650,183.10;

**SETTLEMENT AGREEMENT**
251201aAgr   Page 2 of 8

WHEREAS, on June 23, 2025, the Debtor formally objected to Claim No. 2 of Deutsche Bank, arguing, generally, that a large portion of the claim is unenforceable due to the passing of the statute of limitations;

WHEREAS, in July of 2025, the Debtor passed away, and Smith was appointed administrator of Debtor's probate proceeding;

WHEREAS, on Appeal, Smith generally argues that the Property was subject to the Debtor's homestead, there were no objections to the claim of homestead and, consequently, the homesteaded Property passed out of the Bankruptcy Estate, leaving the Bankruptcy Court without jurisdiction to approve the sale to Fry;

WHEREAS, on September 11, 2025, Smith filed a request for payment of administrative expenses for junk removal from the Property of $27,121.66;

WHEREAS, the Debtor withdrew her objection to Claim Number 2 filed by Deutsche Bank and the Trustee withdrew a motion to disburse the balance of the sale proceeds while the parties discussed settlement;

WHEREAS, on November 20, 2025, the parties participated in a mediation presided over by the Honorable Mary Jo Heston;

WHEREAS, pending approval by the Bankruptcy Court, the parties have settled all claims between them, the terms of which are memorialized in this Agreement; and

WHEREAS, the parties desire to avoid the costs and uncertainty of further litigation.

**SETTLEMENT AGREEMENT**
251201aAgr   Page 3 of 8

NOW, THEREFORE, based upon the foregoing recitals, which are hereby incorporated into this Agreement as if fully set forth herein, and in consideration of the mutual promises and covenants herein, the parties agree as follows:

1. This Agreement is contingent upon the Bankruptcy Court entering a "Final Order." A Final Order is an order entered by the Bankruptcy Court, after notice to parties in interest, approving this Agreement where no objection to the entry of the order is filed. If an objection to the entry of an order approving this Agreement is filed, a Final Order is an order entered by the Bankruptcy Court approving this Agreement and the expiration of the fourteen day appeal period after the entry of that order, during which period neither a notice of appeal of the order nor a motion to reconsider the order is filed. If a Final Order approving this Agreement does not exist on or before 60 days from the date last written below, then this Agreement is null and void. If the Bankruptcy Court denies the motion to approve this Agreement then it is null and void. The Trustee will move to obtain an order approving this Agreement as soon as is reasonably possible and will use his best efforts to seek approval of this Agreement.

2. Upon the conditions in paragraph 1 above being fulfilled, except as to the covenants contained herein, the following paragraphs become operative:

    (a) The parties hereto, and their respective successors and assigns do hereby release and forever discharge each other and their present and former respective trustees, officers, directors, shareholders, parents, affiliates and successor corporations, assigns, employees, former employees, insurers, agents, professionals and attorneys from all claims, demands, damages, costs, attorney's fees, expenses, liens, actions or causes of actions, growing out of or in any way related to any of the claims made in the above-captioned bankruptcy and subsequent Appeal, and claims which could have been made, including, but not

limited to, all future damages, lawsuits, expenses resulting or to result from such matters.

(b) It is understood and agreed that this is a full and final release pertaining to the above persons and entities and is in full compromise and settlement of all claims in the above-captioned bankruptcy and Appeal of every nature and kind whatsoever, and releases all such claims, whether known or unknown, suspected or unsuspected.

3. Within fifteen (15) days of Bankruptcy Court approval of the settlement, Smith shall receive $152,250 from the sale proceeds of the Property paid to Mr. Smith's attorney's trust account.

4. Within fifteen (15) days of the payment referenced above, the parties will dismiss the Appeal currently pending before the United States District Court for the Western District of Washington under Case No. 2:25-cv-01045-JNW.

5. Within fifteen (15) days of dismissal of the Appeal, Smith shall receive $50,000 paid to Mr. Smith's attorney's trust account from Fry, to be split as follows: $48,750.00 paid from Fry through his counsel of record, and $1,250.00 to be included in the payment from the Trustee referenced in Paragraph 3 above.

6. The Trustee shall retain a $101,250 carve-out from Deutsche Bank from the remaining sale proceeds held by the Trustee after payment to Smith.

7. The balance of the sale proceeds held by the Trustee in the amount of $55,728.13 will be paid to Deutsche Bank through its attorneys of record, David Petteys and Aldridge Pite, LLP.

**SETTLEMENT AGREEMENT**
251201aAgr   Page 5 of 8

8. Of the funds retained by the Trustee, $10,000 will be paid to Debtor's former counsel, William Budigan.

9. The balance of the funds retained by the Trustee for administrative expenses, including any administrative tax claims, will be disbursed by further order of the Court.

10. The parties acknowledge and agree that the disputed claim for junk removal filed in the bankruptcy case and then stricken by the court clerk will be handled through the probate proceeding. By agreeing to this term, Smith is not waiving any claims or defenses to the claim for junk removal in the probate proceeding.

11. Smith shall give up and/or waive any and all further claims to the Property and any remaining personal property of Debtor left by Smith and located at the Property.

12. Smith will waive, or otherwise agree not to pursue, any objection to Claim No. 2 of Deutsche Bank filed in the bankruptcy proceeding or otherwise dispute the amount or validity of said claim in any other forum or proceeding.

13. The Trustee will abandon any and all interest of the Bankruptcy Estate in the personal property of the Debtor located in the Property.

14. The parties acknowledge that the Bankruptcy Court had jurisdiction and authority to enter the April 18, 2025, order authorizing the sale of the Property.

15. The undersigned hereby declares that each is authorized to execute this Agreement and that the terms of this Agreement are for the express purpose of precluding forever any further additional claims or claims arising out of or in any way connected with the above-referenced claim.

**SETTLEMENT AGREEMENT**
251201aAgr   Page 6 of 8

16.  This Agreement contains the entire agreement between the parties hereto and the terms of this Agreement are contractual and not a mere recital.

17.  This Agreement shall be interpreted in accordance with the laws of the State of Washington.

18.  This Agreement may be signed by the parties in counterparts, and the signatures attached hereto, which shall be as effective as if one document were signed by all.

DATED this ___16th___ day of ___January___, 20_26_.


_____
Michael P. Klein, Bankruptcy Trustee for
Melanie Ann Smith

DATED this _____ day of _____, 20_____.


_____
Donald Lee Smith, Administrator for the
Estate of Melanie Ann Smith

DATED this _____ day of _____, 20_____.


_____
Stephen Fry

**SETTLEMENT AGREEMENT**
251201aAgr    Page 7 of 8

16. This Agreement contains the entire agreement between the parties hereto and the terms of this Agreement are contractual and not a mere recital.

17. This Agreement shall be interpreted in accordance with the laws of the State of Washington.

18. This Agreement may be signed by the parties in counterparts, and the signatures attached hereto, which shall be as effective as if one document were signed by all.

DATED this _____ day of _____, 20____.

 

_____
Michael P. Klein, Bankruptcy Trustee for
Melanie Ann Smith

DATED this __8th__ day of __JANUARY__, 20_26_.

*Donald Lee Smith* (signature)
_____
Donald Lee Smith, Administrator for the
Estate of Melanie Ann Smith

DATED this _____ day of __01 / 08 / 2026__, 20_____.

*Stephen Fry* (signature)
_____
Stephen Fry

**SETTLEMENT AGREEMENT**
251201aAgr   Page 7 of 8

DATED this __12__ day of __January__, 20__26__.

        U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST by Selene Finance L.P., its attorney in fact

By: _/s/ signature_

Its: Mike Aiken, Senior Vice President

DATED this _____ day of _____, 20_____.

        DEUTSCHE BANK NATIONAL TRUST COMPANY

By: _____

Its: _____

**SETTLEMENT AGREEMENT**
251201aAgr   Page 8 of 8

DATED this _____ day of _____, 20_____.

            U.S. BANK TRUST NATIONAL ASSOCIATION

By:_____

Its:_____

DATED this **20th** day of **January**, 20**26**.

            DEUTSCHE BANK NATIONAL TRUST COMPANY

*Anthony Lesmana*

By: Anthony Lesmana

Its: Bankruptcy Case Manager III

**SETTLEMENT AGREEMENT**
251201aAgr    Page 8 of 8